

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. C. Neaves
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. O-5447
Re: May the Tax Assessor-Collector
employ any and all necessary
assistants and incur any and
all necessary expense, and pay
same out of the fees retained
by him in administering Senate
Bill No. 211, Acts of the 48th
Legislature, Regular Session,
1943, without the approval of
the commissioners' court? And
related questions.

Your letter of June 26, 1943, requesting the opinion of this department on the questions stated therein reads as follows:

"Please furnish me with written opinion on the following propositions:

"1. May the Tax Assessor-Collector employ any and all necessary assistants and incur any and all necessary expense, and pay same out of the fees retained by him in administering the above mentioned Act, without the approval of the Commissioners' Court?

"2. May the Tax Assessor-Collector retain the Twenty-five (25) Cent fee and employ any and all necessary assistants and incur any and all necessary expense, and pay same out of such funds with the approval of the Commissioners' Court?

Honorable R. C. Neaves, Page 2

"3. Is Senate Bill No. 211, Acts of the 48th Legislature, Regular Session, 1943, amending the Certificate of Title Act, directing the designated agent to remit any surplus remaining in his hands of such funds direct to the Road and Bridge Fund of his County, valid?

"For your consideration we submit the following information pertaining to the above questions:

"Grayson County had a population of 65,843 inhabitants according to the 1930 Federal census, and a population of 69,499 inhabitants according to the 1940 Federal census.

"Art. 16, Sec. 61, Constitution of Texas, provides in part:

"All district officers in the State of Texas and all County officers in Counties having a population of 20,000 or more, according to the then last preceding Federal census, shall from the first day of January and thereafter, and subsequent to the first Regular or Special Session of the Legislature after the adoption of this Resolution, be compensated on a salary basis.

"All fees earned by district, county and precinct officers shall be paid into the County Treasury where earned for the account of the proper fund. (Adopted election August 24, 1935)

"Art. 3912e, R. C. S. provides in part as follows:

"Sec. 4. In all Counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the

Honorable R. C. Neaves, Page 3

salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the County Depository and shall be protected to the same extent as other County funds.

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act.

"'The case of the State of Texas vs. Glass, 167 S. W. (2d) 296, seems to indicate that the Twenty-five (25) Cents retained by the Tax Assessor-Collector should be accountable to the County in the same manner as other fees.'

"Senate Bill No. 211 provides in part as follows:

"Such designated agent shall pay such employed assistants and such necessary expenses incurred by him from the funds retained by him hereunder, and any amount of such funds remaining in his hands in any event shall be by him remitted to the Road and Bridge Fund of his County.'

"In other words, what is the proper method of disposing of the Twenty-five (25) Cent fee retained by the designated agent under the Certificate of Title Act, in Grayson County, Texas.'"

Senate Bill No. 211, Acts of the 48th Legislature, Regular Session, 1943, amending Section 57 of Article 1436-1, Vernon's Annotated Penal Code, reads in part as follows:

"Section 1. That Section 57 of the Certificate of Title Act, as amended by the Acts of the 47th Legislature, Regular Session, Chapter 187, Section 6, be amended so as hereafter to read as follows:

Honorable R. C. Neaves, Page 4

"'Section 57. Each applicant for a certifi-
cate of title or re-issuance thereof shall pay to
the designated agent the sum of Fifty (50) Cents,
of which Twenty-five (25) Cents shall be retained
by the designated agent, from which he shall be
entitled to sufficient money to pay expenses
necessary to efficiently perform the duties set
forth herein; and the remaining Twenty-five (25)
Cents shall be forwarded to the Department for
deposit to the State Highway Fund, together with
the application for certificate of title, within
twenty-four (24) hours after same has been re-
ceived by said designated agent, from which fees
the Department shall be entitled to and shall use
sufficient money to pay all expenses necessary to
efficiently administer and perform the duties set
forth herein; and there is hereby appropriated to
the Department all of such fees for salaries,
traveling expense, stationery, postage, contingent
expense, and all other expenses necessary to ad-
minister this Act through the biennium ending
August 31, 1945. Provided, any such designated
agent may employ any and all necessary assistants
and incur any and all necessary expense in admin-
istering this Act in his county. Such designated
agent shall pay such employed assistants and such
necessary expenses incurred by him from the funds
retained by him hereunder, and any amount of such
funds remaining in his hands in any event shall
be by him remitted to the Road and Bridge Fund of
his county.'

". . . ."

Section 26 of Article 1436-1, Vernon's Annotated
Penal Code, defines designated agent as follows:

"The term 'Designated Agent' means each County
Tax Collector in this State who may perform his
duties under this Act through any regular deputy."

Article 3902, Vernon's Annotated Civil Statutes,
is a general statute providing for the appointment of depu-
ties, assistants, or clerks by district, county or precinct
officers. Senate Bill No. 211, supra, also provides that the

Honorable R. C. Reaves, Page 5

designated agent (who is the County Tax Assessor-Collector) may employ any and all necessary assistants and incur any and all necessary expense in administering the Certificate of Title Act. Article 3902, supra, allows certain compensation as is mentioned therein for deputies, assistants or clerks appointed by district, county or precinct officers.

It is our opinion that Article 3902, supra, and Senate Bill No. 211, supra, must be considered and construed together.

When the Assessor and Collector of Taxes of Grayson County is discharging the duties required of him under the Certificate of Title Act he is not discharging any duties pertaining to any separate agency or office, but that all such duties required of him are merely duties added by the statute to the office of Assessor and Collector of Taxes. (State et al. v. Glass et al., 167 S. W. (2) 296).

It is our opinion that any assistant or deputy of the Tax Assessor-Collector whether performing in whole or in part the duties imposed by Article 1436-1, supra, has the same status as any other regular deputy tax assessor-collector or assistant. Therefore, in answer to your first question, it is our opinion that the Tax Assessor-Collector must comply with the provisions of Article 3902, supra, when appointing deputies or employing assistants who perform in whole or in part the duties imposed by Article 1436-1, Vernon's Annotated Penal Code. In other words the appointment of deputies or the employment of assistants to perform the duties required by the Certificate of Title Act must be made in the same manner as the appointment of any other deputy or the employment of any other assistant in the office of the Tax Assessor-Collector and that the number of such deputies or assistants would be determined by the commissioners' court and their compensation fixed by said court as authorized by Article 3902, supra. With reference to all necessary expenses incurred in administering the Certificate of Title Act it is our opinion that such expenses are the same as any other legal expenses incurred by the Tax Assessor-Collector in performing any other duty of his office. Such expenses must be passed on, predetermined and allowed in the time and amount as nearly as possible, by the commissioners' court once each month for the ensuing months, upon the application of the Tax Assessor-Collector, stating the probable amount of expenditure and

Honorable R. C. Neeves, Page 6

the necessity for the expenses, which application shall, before presentation to said court, first be endorsed by the County Auditor, if any, otherwise the County Treasurer, only as to whether funds are available for payment of such expenses. The compensation of the deputies or assistants administering the Certificate of Title Act and all necessary expenses incurred in connection therewith can legally be paid out of the fees collected in administering said Act. Provided, of course, such compensation of the deputies or assistants is fixed by the commissioners' court and the necessary expenses are allowed and approved as authorized by Article 3899, Vernon's Annotated Civil Statutes.

Considering what has been said in answer to your first question it necessarily follows that your second question requires no answer.

In the case of State et al. v. Class et al., supra, it was held that fees collected for administering the Certificate of Title Act were fees of office and such fees when collected must be paid into the County Depository as directed by the constitutional provision. (Section 61, Article 16, of the State Constitution).

The Court of Civil Appeals (Galveston, Texas, writ refused) in the case of Settegast et al. v. Harris County, 159 S. W. (2) 543, in construing Section 61, Article 16, of the State Constitution, said:

"It will be observed that the constitutional provision very plainly provides two things: (1) That all county officers shall be compensated on a salary basis alone, and (2) That all fees earned by county officers shall be paid into the county treasury for the account of the proper fund."

Under the Officers' Salary Law of this State (Article 3912e, Vernon's Annotated Civil Statutes) fees of office that are collected by county officials compensated on an annual salary basis in counties containing a population of less than 190,000 inhabitants according to the preceding Federal census must be deposited in the Officers' Salary Fund. As heretofore stated fees collected for administering the Certificate of Title Act are fees of office and until the enactment of Senate Bill No. 211, supra, such fees would have gone

into the Officers' Salary Fund in counties having a population of less than 190,000 inhabitants where said county officials were compensated on an annual salary basis. However, it is noted that said Senate Bill No. 211 expresaly provides that any amount of the funds remaining in the hands of the Tax Assessor-Collector after the payment of assistants employed by him and such necessary expenses incurred in connection therewith shall be remitted to the Road and Bridge Fund of his county. It is our opinion that it was within the authority of the Legislature to designate the fund into which the remaining surplus should be deposited. Therefore, we hold that said provision is valid.

It is our further opinion that all fees collected by the Tax Assessor-Collector in administering the Certificate of Title Act should be placed in a special fund or account separate and apart from all other funds in order that the tax assessor-collector, county auditor and Commissioner's Court, can determine or ascertain whether or not there is any balance remaining in said special fund or account after the payment of salaries of deputies or assistants who are appointed or employed to perform the duties required by the Certificate of Title Act and the payment of all necessary expenses incurred in the administration of said Certificate of Title Act. After the payment of the foregoing salaries and expenses if there are any funds consisting of fees collected in the administration of the Certificate of Title Act remaining the same should be remitted to the Road and Bridge Fund of the County.

The foregoing paragraph is applicable to all Counties whether the County officials are compensated on a fee basis or an annual salary basis.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 10, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:mp


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN